# THE ATTORNEY GENERAL
## OF TEXAS



GROVER SELLERS
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6536
Re: Whether tax levied by Art. 7064a,
V.A.C.S. paid by statewide mutual
assessment associations operating
under Art. 5068-1 may be paid from
their Mortuary Fund, and related
questions.

Your letter of April 16, 1945, requesting an opinion of this department presents the following questions:

"1. May any part of the occupation tax levied by Article 7064a paid by statewide mutual assessment associations operating under Article 5068a-1 be paid from their Mortuary Fund?

"2. May any part of the Federal Income Tax assessed against and collected from assessment associations operating under Article 5068-1 be paid from the Mortuary Fund of such associations in the event that

(a) the premium income is from life insurance policies exclusively, or

(b) the premium income is from health and accident insurance policies exclusively, or

(c) a part of the premium income is from life insurance policies and apart from health and accident policies, or

(d) where the premuim income is from health and accident policies which include life benefits or from life insurance policies which include health and accident benefits?"

In your letter, opinions from this department - O-2988, O-5337, and O-5539 - are referred to in connection with the

foregoing questions.  In Opinion No. 0-2988 approved January 30, 1941, this department held that no part of the premium tax imposed by Art. 7064a, Vernon's Annotated Civil Statutes, may be paid from the mortuary or relief funds as provided for under Section 12, Art. 5068-1 of said statute.

Opinion No. 0-5337 holds that mortuary or relief funds of mutual assessment associations subject to the provisions of S.B. 135, 46th Legislature (Art. 5068-1, V.A.C.S.), accumulated, or contributions that may be made thereto, should not be treated as taxable income under the Federal Revenue Act of 1936.  This ruling is based upon and follows the decision cited by you in General Life Insurance Company vs. Commissioner of Internal Revenue (5th Cir. Ct. of Appeals, 137 Fed. (2d) 185, decided July 8, 1943).  In Opinion No. 0-5539 we follow the ruling in Opinion No. 0-2988 and hold that the gross premium tax levied under Art. 7064a cannot be paid out of the mortuary or relief funds described in Sec. 12, Art. 5068-1, V.A.C.S.  Said opinions are applicable to statewide mutual assessment associations operating under and subject to the provisions of Art. 5068-1.

Answering your first question, therefore, you are respectfully advised that no part of the receipts tax levied under Art. 7064a may be paid by statewide mutual assessment associations operating under and subject to the provisions of Art. 5068-1, V.A.C.S., from their mortuary funds.

As to your second question, you doubtless have in mind the provisions of Art. 5068-4, V.A.C.S. enacted by the 48th Legislature, effective May 18, 1943.  This statute was referred to in Opinion No. 0-5337 and should not be given any greater import than the intent of the Legislature can be gathered from its language.  This statute provides:

"Any company or association operating under the provisions of Senate Bill No. 135, Acts of the Regular Session of the 46th Legislature, Chapter 6, page 401, may pay from the mortuary or relief funds by whatever name it may be called any taxes that may be assessed against or required to be paid by the company or association because of income to such funds."

As recognized in the last above cited opinion, the foregoing statute would permit payment from the mortuary or relief funds of any legally assessed income tax against or required to be paid by the company because of such funds being held taxable as income under the Federal Revenue Act.

Answering your second question, it is our opinion that only those taxes legally assessed under the Federal Internal Revenue Act against the mortuary or relief funds, collected from or required to be paid by assessment associations subject to and operating under the provisions of Art. 5068-1, V.A.C.S., may be paid from such fund. Any portion of the funds of one group, club or class, however, may not be used to pay such claims or obligations of any other group, club or class as provided in Sec. 12 of said statute.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. R. King
Wm. J. R. KIng
Assistant

WmK:LJ:wc

APPROVED MAY 3, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman